# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **ANDREW C., ET AL.,** | CASE NO. 17-cv-02072-YGR |
| Plaintiffs, |  |
| vs. | **ORDER DENYING ADMINISTRATIVE MOTION TO REMAND TO PLAN ADMINISTRATOR** |
| **ORACLE AMERICA INC. FLEXIBLE BENEFIT PLAN, ET AL.,** | Re: Dkt. No. 53 |
| Defendants. |  |

Plaintiffs Andrew C. ("Andrew") and his father, Robert C. ("Robert"), bring this action for relief pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Section 1132(a)(1)(B), and for equitable relief pursuant to Section 502(a)(3) of the same against defendants Oracle America Inc. Flexible Benefit Plan ("Oracle") and United Healthcare Insurance Company ("United"). (Dkt. No. 1 ("Compl.") at ¶ 1.) Specifically, plaintiffs allege that defendants improperly denied coverage of Andrew's treatment for his rage disorder, oppositional defiance disorder, and reactive attachment disorder at Change Academy at Lakes of the Ozarks ("CALO"), a residential treatment facility, as medically unnecessary. (*Id.* ¶¶ 35-40.)

Now before the Court is plaintiffs' administrative motion for remand to the plan administrator, or alternatively, permission to conduct discovery. (Dkt. No. 53 ("Motion").) Having carefully considered the papers submitted, and for the reasons stated more fully below, the Court **DENIES** plaintiffs' administrative motion.

\\

\\

## I. RELEVANT BACKGROUND

### A. Factual Background

Following a number of physical outbursts and attacks, and "at the recommendation and referral of multiple mental health care providers and consultants, Andrew was admitted to [CALO], a residential treatment facility, for medically necessary care and treatment for, *inter alia*, his Rage Disorder, Oppositional Defiance Disorder, and Reactive Attachment Disorder." (Compl. ¶¶ 32-35.) Andrew timely applied for behavior health benefits with Oracle's claims administrator, United, for his treatment at CALO. (*Id.* ¶ 37.) Oracle, by and through United, "denied coverage for Andrew's treatment at CALO, on the basis that the level of care and or requested treatment was not medically necessary." (*Id.* ¶ 38.) Andrew timely appealed United's multiple denials of his claim. (*Id.* ¶ 39.) Oracle, by and through United, rejected all appeals. (*Id.* ¶ 40.)

### B. Procedural Background

On October 11, 2018, the Court set a pretrial briefing schedule, which included an October 23, 2018 deadline for lodging of the administrative record and an October 30, 2018 deadline for plaintiffs to file an affirmative motion for judgment pursuant to Rule 52. (Dkt. No. 36.) On October 29, 2018, the Court granted parties' stipulation to extend the pretrial deadlines to allow for additional discussion regarding the scope of the administrative record and the standard of review. (Dkt. No. 38.) Therein, the Court extended the pretrial deadlines for a period of 90 days. (*Id.* at 2.)

On January 22, 2019, defendants lodged the administrative record, which contains 1,090 pages of documents.[1] (*See* Dkt. Nos. 39 40.) Shortly thereafter, on January 28, 2019, plaintiffs filed an administrative motion to extend the briefing schedule "due to discrepancies regarding the scope of the administrative record." (Dkt. No. 43.) Therein, plaintiffs aver that defendants proffered administrative record "omits more than 1000 pages of relevant medical records." (*Id.* at 2.) The next day, defendants filed a notice of intent to respond to plaintiffs' administrative motion (Dkt. No. 44) but failed to so file. Also on January 29, 2019, plaintiffs lodged their own

---

[1] The Court notes that it never received a copy of defendants' administrative record.

2

1   administrative record, containing 2,264 pages of documents. (Dkt. Nos. 45, 46.)

2   On February 5, 2019, the Court issued an Order to Show Cause directing defendants to file a response by February 8, 2019. (Dkt. No. 49.) Defendants timely filed their opposition to plaintiffs' motion. (Dkt. No. 50.) Therein, defendants "acknowledge[d] that an error by United in its transmission of documents to an external review organization resulted in an incomplete administrative record" and that "[a]s a result of the error, the full administrative record was not transmitted to the external review organization, and the determination it issued upholding the benefits determination made by United was not based on a complete record." (*Id.* at 1-2.) Therefore, defendants "agree[d] that a continuance in the briefing schedule [was] appropriate so that he matter may be resubmitted to the" independent review organization ("IRO") for reconsideration based on the complete record. (*Id.* at 2.) Defendants also averred that plaintiffs refused to so stipulate because they were demanding that either "they be accorded discovery into the cause of the transmission error" or "a full remand." (*Id.*)

On February 14, 2019, the Court granted plaintiffs' administrative motion, ordered defendants *to submit forthwith the underlying matter to the IRO for de novo review of the full and complete record.*[2] (Dkt. No. 52 (emphasis supplied).) The Court also directed plaintiffs, to the extent that they sought "a full remand" to file an administrative motion by no later than February 19, 2019 and set a compliance hearing for Friday, May 3, 2019 instructing parties to file a joint status report on the completion of the IRO review and any subsequent proceedings by five business days prior. (*Id.*) Plaintiffs timely filed the instant motion on February 19. (Motion.) Defendants filed their opposition on February 25, 2019. (Dkt. No. 54 ("Opp.").) Parties filed their joint status update on April 26, 2019. (Dkt. No. 55 ("JSU").)

---

[2] In parties' joint status report, and unbeknownst to the Court, they represent that "[f]ollowing the filing of [p]laintiffs' motion and [d]efendants' opposition [regarding a full remand], the parties agreed to forebear on remand of the benefits determination pending an order form the Court on [p]laintiffs' administrative motion. Therefore, as of the date of this report, the remand to the IRO has not taken place, given the uncertain status of the remand in light of [p]laintiffs' pending administrative motion." (JSR at 2.) As noted herein, the Court instructed defendants to submit the matter to the IRO "forthwith." (Dkt. No. 52.) It did so even while it instructed plaintiffs to submit their administrative motion regarding remand several days later. (*Id.*)

3

## II. ANALYSIS

Plaintiffs now ask the court to remand their claim to Oracle, as plan administrator.[3] (Motion at 1.) In support thereof, plaintiffs aver that (A) defendants' administrative record omits documents beyond those defendants admitted to failing to transmit to the IRO; (B) the IRO in question, Medical Review Institute of America ("MRIoA") "is not an administrator or fiduciary of the Oracle Plan and does not have discretionary authority to interpret the Plan to make benefit decision;" (C) "[r]esubmitting the Plan's claim denial decision to MRIoA compounds the problem created by [d]efendants' failure to develop a complete administrative record and conduct a full and fair claim review in the first instance;" and (D) [r]esubmitting the Plan's claim denial decision to MRIoA bypasses ERISA's mandate that claimants be afforded an opportunity to perfect their claim through a meaningful dialogue with the plan administrator." (*Id.*)

### A. Completeness of the Administrative Record

Plaintiffs contend that defendants' administrative record is incomplete, even once defendants account for the omission caused by defendants' failure to transmit all of the administrative record to the IRO. In particular, plaintiffs allege that the defendants' administrative record omits at least the initial claim denial letter, the appeal of the initial denial, the March 13, 2015 appeal denial letter,[4] months of claim forms and explanations of benefits, and Andrew's CALO treatment notes from August 1, 2014 to February 20, 2015.[5] (Motion at 2-3.) Plaintiffs further argue that the fact that these documents are not included "beg[s] the question as to what other documents [d]efendants withheld or failed to consider during their production of the

---

[3] In the alternative, plaintiffs request that the Court allow the to conduct limited discovery concerning the procedural irregularities that led to defendants' "failure to take into account all comments, documents, records, and other information submitted by [p]laintiffs during the initial review, and the generally underdeveloped state of [d]efendants' administrative record." (Motion at 2.)

[4] The Court notes that plaintiffs refer to this document once to the March 13, 2015 appeal denial letter and twice as the March 23, 2015 appeal denial letter. The Court assumes the both refer to the same document and that the correct date is March 13, 2015.

[5] Plaintiffs note that defendants administrative record does include a once monthly treatment plan for this period. (Motion at 3.)

4

1   administrative record." (*Id.* at 3.)

2   ERISA defines the administrative record as all material that (i) the insurer relied upon in making the benefit determination; (ii) was submitted, considered, or generated in the course of making the benefit determination, regardless of whether the insurer relied upon the material in making the benefit determination; (iii) demonstrates compliance with the administrative processes and safeguards required by ERISA in making the benefit determination; and (iv) in the case of a group health plan like the one at issue here, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, regardless of whether the insurer relied upon the advice or statement in making the benefit determination. 29 C.F.R. § 2560.503-1(h)(2)(iii), (m)(8) and (b)(5); *see also Montour v. Hartford Life & Acc. Ins. Co.*, 588 F.3d 623 (9th Cir. 2009).

As a preliminary matter, the text of the March 13, 2015 appeal denial later can be found in the administrative record among United's internal notes (*see* Dkt. No. 40-7 at UHC 1051-52) and the two missing claim forms and corresponding explanations of benefits not included in defendants administrative record are reflected in the Member Claims History report (*see id.* at UHC 1024.)[6] In light of their substantive inclusion elsewhere in defendants' administrative record, *the Court is unpersuaded that their omission undermines the integrity of the record.*

With respect to the allegedly omitted treatment records, plaintiffs do not aver that the CALO notes in question were ever sent to defendants, either by CALO or by plaintiffs. (*See id.*) Therefore, their absence from defendants' administrative record does not "beg the question as to what other documents [d]efendants withheld or failed to consider" in compiling their administrative record. Accordingly, the Court finds that the internal appeal reviews conducted by defendants were not based upon an incomplete administrative record.

\\

---

[6] The Court notes that plaintiffs do not provide a citation for, nor could the Court find among plaintiffs' administrative record's 2,264 pages, the initial claim denial letter, the appeal of the initial denial, the March 13, 2015 appeal denial letter, months of claim forms and explanations of benefits, or Andrew's CALO treatment notes from August 1, 2014 to February 20, 2015. (*See* Motion.)

**B. Review by Administrator or Fiduciary**

Plaintiffs correctly note that ERISA requires a claimant to have "a reasonable opportunity to appeal an adverse benefit determination to an appropriate named fiduciary of the plan, and under which there will be a full and fair review of the claim and the adverse benefit determination." (Motion at 4 (citing 29 C.F.R. § 2560.503-1(h)(1)).) However, plaintiffs did receive a reasonable opportunity to appeal a determination to a fiduciary of the plan during their first and second level internal appeals, and as noted above, the Court finds that the administrative record reviewed by defendants during the internal appeal process included all relevant information as defined by ERISA.[7] *See Roganti v. Metro. Life Ins. Co.*, 786 F.3d 201, 213 (2d Cir. 2015) (noting that a plan administrator is obligated only to make a reasonable effort to develop the record).

**C. Resubmission Compounding Failure to Develop Complete Record in First Instance**

As noted herein, the Court finds that defendants did create a complete record in the first instance. Accordingly, plaintiffs' contention that resubmission to the IRO would compound that error fails.

**D. Resubmission Bypassing ERISA's Mandate for Opportunity to Perfect Claim**

As noted herein, the Court finds that defendants did create a complete record in the first instance. Moreover, plaintiffs and CALO were able to, and did, submit documents for review during the courts of the first and second appeals. Accordingly, the Court finds that plaintiffs did have the opportunity to perfect their claim.

\\
\\
\\
\\

---

[7] The documents omitted from the defendants' administrative record lodged with the Court were submitted by plaintiffs for the first time in connection with the external review by the IRO.

6

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** plaintiffs' administrative motion for remand to the plan administrator or alternatively, to conduct discovery.[8] As previously ordered, the matter shall be submitted to the IRO for de novo review with a completed record. Such submission shall occur by **Monday, May 6, 2019** and shall be verified to the Court. Accordingly, the Court **CONTINUES** the compliance hearing currently scheduled for Friday, May 3, 2019 to August 2, 2019.

**IT IS SO ORDERED.**

Dated: May 1, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[8] Plaintiffs' contention that the court's opinion in *Wit v. United Behavioral Health*, contains findings of fact that "directly relate to a support[] their Administrative Motion" fails. No. 14-cv-02346-JCS, 2019 WL 1033730 (N.D. Cal. Mar. 5, 2019). Magistrate Judge Spero's findings of fact do not discuss or otherwise address any deficiency in the underlying administrative record.
 The Court also **DENIES** plaintiffs' request, in the alternative, for additional discovery. Discovery in ERISA matters is appropriate only when necessary to determine the completeness of the administrative record, and when the administrative record was "relatively underdeveloped." *Patton v. MFS/Sun Life Financial Distributors, Inc.*, 480 F.3d 478, 491 (7th Cir. 2007). For the reasons stated herein, the Court finds that the administrative record was adequately developed and that the only error was one of failure to transmit the additional documents submitted by plaintiffs to the IRO for the external review.